# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kidist S. Chereka, | No. CV-17-00726-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| David R. Schwartz, et al., | |
| Defendants. | |

Pending before the Court are the following motions: (1) *pro se* Plaintiff's "Motion to Oppose Defendants' Notice of Removal (Doc. 5), which the Court is construing as a Motion to Remand; (2) Plaintiff's Form 4 Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis ("IFP") in the United States Court of Appeals for the Ninth Circuit (Doc. 13), which the Clerk of this Court deemed to be a Motion for Leave to Appeal IFP with respect to Plaintiff's Notice of Interlocutory Appeal; (3) Defendant Maricopa County Community College District's ("District") Motion to Dismiss for Failure to State a Claim (Doc. 14); Defendant's Motion for the Court Take Judicial Notice Re Defendant's Response to the Motion to Oppose Removal (Dkt 10) (Doc. 23); and Plaintiff's Motion to Disqualify the Court (Doc. 17).

**I. Motion to Disqualify**

The Court will first address Plaintiff's motion to disqualify, because if it is meritorious, obviously the Court could not address the other motions.

Relying upon 28 U.S.C. § 455(a), Plaintiff is seeking to disqualify this Court claiming that its "impartiality might reasonably be questioned[]" thereunder. In her supporting affidavit, Plaintiff gives a number reasons why she "believe[s]" the Court should recuse itself pursuant to § 455(a). (Doc. 18 at 1, ¶ 3). One by one, the District soundly and accurately refutes each of these reasons. In Plaintiff's reply, she simply rehashes the reasons for recusal set forth in her motion.

Recusal is justified either by actual bias or the appearance of bias. *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008), *abrogated on other grounds by Simmons v. Himmelreich*, 136 U.S. 1843, 1848 (2016). "The source of any alleged bias must be extrajudicial." *Liteky v. United States*, 510 U.S. 540, 544–56 (1994)). Plaintiff's recusal motion need not detain the Court for long. For the reasons set forth in the District's response (Doc. 19 at 3:8-4:15)[1] and supporting affidavit of attorney David R. Schwartz (Doc. 19-1), the Court finds that that Plaintiff has failed to demonstrate the requisite bias or prejudice against her which stems from an extrajudicial source. Further, as the District's response and attorney Schwartz's affidavit establish, there is no basis for "'a reasonable person with knowledge of all the facts [to] conclude that [this Court's] impartiality might reasonably be questioned.'" *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). Therefore, Plaintiff's recusal motion will be denied.

The Court does not agree, however, with the District's argument that "[a]ttorney's fees and other sanctions" are "appropriate[,]" because Plaintiff's recusal motion "is frivolous, filed to multiply this proceeding unreasonably and vexatiously, and filed in bad

---

[1] Plaintiff's final reason is that this Court lacks jurisdiction because she filed a notice of appeal. On August 28, 2017, the Ninth Circuit Court of Appeals issued its formal mandate so that its April 25, 2017, judgment dismissing the appeal for lack of jurisdiction would then take effect. (Docs. 26 and 26-1). This renders Plaintiff's jurisdiction argument even more fallacious than it was originally.

faith[.]" (Doc. 19 at 1:21-24) (citing to *Labate v. Bush*, 2015 11118120, *3 (D. Ariz. 2015); 28 U.S.C. § 1927)). Nor will the Court "consider initiating Rule 11 proceedings on its own through an order to show cause[,]" as the District urges. (*See id*. at 1:24-26) (citations omitted).

"Under § 1927, Plaintiff may be sanctioned if he 'multiplies the proceedings in any case unreasonably and vexatiously.'" *Labate*, 2015 WL 11118120, at *3 (quoting *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (permitting § 1927 award against pro se plaintiff)). "Awarding sanctions under this statute 'must be supported by a finding of subjective bad faith.'" *Id*. (quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015)). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986) (citations omitted).

The tone and content of Plaintiff's recusal motion is troubling, particularly insofar as she is accusing attorney Schwartz of "brib[ing] deputy clerks" to assign this case to this Court. (*See* Doc. 18 at 1, ¶4). As the District's response clearly spells out, Plaintiff's objections to the fact that this case was originally assigned to United States Magistrate Judge Willett, and then later reassigned to this Court, reflects Plaintiff's fundamental misunderstanding of federal court case assignment. (*See* Doc. 19 at 4:1-6). At the end of the day though the Court finds that § 1927 sanctions are not warranted here. This is not a situation, where Plaintiff has vexatiously multiplied the proceedings by filing this recusal motion. Further, the Court cannot find the requisite bad faith. From the Court's perspective, the purpose of this motion was not to harass the District. Rather, it appears that Plaintiff filed this motion out of ignorance or perhaps incompetence – neither of which supports a finding of recklessness or bad faith. *See Wallack v. Idexx Laboratories, Inc.*, 2016 WL 3074388, at *7 (citing *Banas v. Volcano Corp.*, 47 F.Supp.3d 941 (N.D.Cal. 2014) (citing in turn *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F.Supp.2d 766, 775 (S.D.N.Y. 2011)). Consequently, the Court denies the District's motion for

1 sanctions.

## II. Motion to Take Judicial Notice

Plaintiff did not file a response to the District's motion to take judicial notice, which was filed and served on May 12, 2017. No response has been filed and the time to do so has passed. See LRCiv 7.2(c) (opposing party has 14 days after service in which to serve and file a responsive memorandum). LRCiv 7.2(i) states in pertinent part that "if the unrepresented party . . . does not serve and filed the required answering memoranda, . . . , such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." In accordance with that Rule, the Court summarily grants the District's motion to take judicial notice. Accordingly, the Court will take judicial notice of the State Court filings and proceedings referenced therein. (*See* Doc. 23 at 2-3, ¶¶ (1)-(3)). The Court will consider the same in connection with the District's response to Plaintiff's motion to oppose removal, which, as earlier mentioned, the Court is construing as a motion to remand.

## III. Motion to Remand

In seeking remand, Plaintiff argues that the District violated 28 U.S.C. § 1446 because "none of the defendants ha[d] been served" at the time of removal. (Doc. 5 at 1, ¶ 2). This argument has been soundly rejected by a number of Courts, and this Court sees no reason to depart from this well-settled authority. *See, e.g., Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir.. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective."); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678–79 (9th Cir.1925) ("[D]efendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal."); *Watanabe v. Lankford*, 684 F.Supp.2d 1210, 1214 (D. Hawai'i 2010) (citing cases) ("[T]here is no statutory requirement that a defendant must formally receive the Complaint before removing the case.") Moreover, since the filing of Plaintiff's motion to remand, as the attachments to the District's judicial notice motion

- 4 -

show, Plaintiff has chosen to file another State Court action. The four Defendants in that action are identical to four of the unserved Defendants herein.[2] Indeed, one allegation in that State Court action is nearly identical to an allegation in the present action. Plaintiff's filing and service of that separate State Court lawsuit against four of the unserved Defendants herein further erodes his assertion that removal was not proper because when the District removed, none of the Defendants had been served. Therefore, the Court denies Plaintiff's motion to remand.

**IV. Motion for Leave to Appeal IFP**

Plaintiff's motion for leave to appeal IPF (Doc. 13) has been rendered moot by the fact that his appeal has been dismissed and the mandate issued. Therefore, the Court denies this motion as well.

**V. Motion to Dismiss**

As with the District's motion to take judicial notice, Plaintiff did not file response to the District's motion to dismiss, which was filed on March 30, 2017. Thus, based upon LRCiv 7.2(i), as more fully set forth in section II above, the Court summarily grants the District's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion to Disqualify (Doc. 17).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Remand (Doc. 5).

**IT IS FURTHER ORDERED DENYING** as moot Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 13).

**IT IS FURTHER ORDERED GRANTING** Defendant Maricopa County Community College's Motion to take Judicial Notice (Doc. 23).

**IT IS FURTHER ORDERED GRANTING** Defendant Maricopa County Community College District's Motion to Dismiss for Failure to State a Claim (Doc. 14).

---

[2] On June 19, 2017, those four Defendants, among others were terminated due to Plaintiff's failure to serve them.

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this case.

**Dated** this 20th day of October, 2017.

_____
Honorable Diane J. Humetewa
United States District Judge